Joseph Lee Matalon
**MATALON PLLC**
450 Seventh Avenue, 33rd Floor
New York, New York  10123
212-244-900
jlm@trial-lawyer.org

Michael J. Higer *(pro hac vice pending)*
Geoffrey Lottenberg *(pro hac vice pending)*
**BERGER SINGERMAN LLP**
450 E. Las Olas Blvd., 10th Floor
Fort Lauderdale, Florida 33301
954-525-9900
mhiger@bergersingerman.com
glottenberg@bergersingerman.com

*Attorneys for Defendants Florida Sunseeker,
JRDeacon LLC, Sunseeker LED LLC and
Jeffrey Deacon*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLORIDA SUNSEEKER; <br> JRDEACON LLC; SUNSEEKER LED <br> LLC; and JEFFREY DEACON | Civil Action No. 2:19-cv-21005-CCC-SCM |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE CLERK'S DEFAULT**

Pursuant to Federal Rule of Civil Procedure 55(c), Defendants Florida Sunseeker, JRDeacon, LLC, and Sunseeker LED, LLC (collectively the "Sunseeker Parties"), move for an Order from the Court vacating and setting aside the Amended Clerk's Entry of Default dated May 27, 2020 ("Clerks' Default").  The grounds for this Motion are:

**I.     INTRODUCTION**

Hayward Industries, Inc., ("Hayward") filed this lawsuit on December 3, 2019 against the Sunseeker Parties and their principal, Jeffrey Deacon ("Mr. Deacon") (collectively the

"Defendants"). Hayward filed an Amended Complaint on February 24, 2020. (Dkt. No. 4). Hayward purports to have served each of the Defendants with the Amended Complaint by no later than March 9, 2020.[1] (Dkt. Nos. 6-9). On May 5, 2020,[2] Mr. Deacon, *pro se,* filed a Motion to Dismiss and/or Motion to Change Venue ("Motion to Dismiss") on behalf of himself and the Sunseeker Parties, arguing the Court does not have personal jurisdiction over the Defendants and Florida is the more appropriate venue to litigate this dispute. (Dkt. Nos. 10-11); *see also* Declaration of Jeffrey Deacon ("Decl.") at ¶ 15 attached as Exhibit A. The crux of Defendants' personal jurisdiction argument is the Defendants lack sufficient contact with the State of New Jersey and the limited, investigative purchases made by Hayward are insufficient to establish sufficient contacts for this Court to exercise jurisdiction over the Defendants. Decl., ¶¶ 1-12.

On May 7, 2020, the Clerk issued a notice to the parties stating that although Mr. Deacon was entitled to proceed *pro se*, the corporate entities must be represented by counsel. *Id*. at ¶ 16. Mr. Deacon, however, did not receive the Clerk's notice on May 7 because the Court's e-filing system had the incorrect service e-mail address, due to a typographical error. *Id.* at ¶ 17. In fact, Mr. Deacon did not learn about the Clerk's May 7 notice until about one week later after speaking with Hayward's counsel. *Id.* at ¶ 18. Clearly aware of the Sunseeker Parties' attempt to respond to the Amended Complaint and otherwise defend this lawsuit, on May 22, 2020 Hayward acted on a pure technicality by asking the Clerk to enter a Certificate of Default against the Sunseeker Parties. (Dkt. No. 13). The Clerk entered default on May 27, 2020.

---

[1] Defendants question whether service of process on the parties was proper and reserve their rights to contest service at a future date.

[2] Due to the impact of the COVID-19 pandemic, this Court issued Standing Order 2020-04, which extended Mr. Deacon, JRDeacon, LLC, and Sunseeker LED, LLC's deadline to respond to the Amended Complaint to May 14, 2020.

2

The Sunseeker Parties, through Mr. Deacon (acting without the benefit of counsel), reasonably believed the filing of the Motion to Dismiss was sufficient to the toll the deadline for Defendants to file an answer to the Amended Complaint. Decl., ¶ 20. Since learning that corporate entities must be represented by counsel, Mr. Deacon and the Sunseeker Parties acted diligently to retain the undersigned counsel. *Id*. at ¶ 19, 22. This is not a situation where the Defendants have willfully ignored the lawsuit, the Court, or the opposing party. Instead, the Clerk's Default was entered against lawyer-less parties as a result of strategy, not substance. As explained in detail below, there is good cause to set aside the Clerk's Default against the Sunseeker Parties.

II.     **ARGUMENT AND CITATION OF AUTHORITIES**

    a. **Legal Standard**

Rule 55(c) provides: "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In deciding whether to vacate a default (including clerk's entry of default), courts consider three factors: whether (1) the plaintiff will be prejudiced if the default is lifted; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000); *see also Feliciano v. Reliant Tooling Co*., 691 F.2d 653, 656 (3d Cir. 1982); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195(3d Cir. 1984). Notably, "there is a distinction between a default standing alone [i.e. clerk's default] and a default judgment . . . less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Venus v. Polize, Inc.,* No. CV16679MASLHG, 2017 WL 6626314, at *2 (D.N.J. Dec. 28, 2017), *citing Feliciano*, 691 F.2d at 656.

"While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on

the merits rather than by default judgment whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984).  Entry of default "should be a sanction of last, not first, resort, and courts should try to find some alternative." *Paris v. Pennsauken Sch. Dist., No*. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013) (a clerk's entry of default is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits").  Each of the three relevant factors favor vacating the Clerk's entry of default.

### b.  Plaintiff Will Not be Prejudiced if Clerk's Default is Vacated

"Prejudice under this prong only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Paris*, 2013 WL 4047638, at *3, *citing Toy v. Hayman,* No.Civ.A.07–3076, 2008 WL 5046723, at *3 (D.N.J. Nov. 20, 2008).  Plaintiff will not be prejudiced because this matter is in its early stages and the Sunseeker Parties, albeit through Mr. Deacon as a *pro se* litigant, have attempted to participate in motion practice before the Court.  Hayward has not moved for a preliminary injunction.  No scheduling order has been entered and discovery has not commenced.  There is no allegation that evidence has been destroyed or would be lost due.  No final judgment or money award has been entered on which Plaintiff could have relied.  The Sunseeker Parties took less than four weeks after becoming aware of the Court's requirement to retain counsel (including local counsel), amid the disruption of the COVID-19 pandemic, no less.  Accordingly, this factor weights in favor of vacating the Clerk's Default. *See Reid v. Cooper Hosp. Univ. Med. Ctr*., 1992 WL 151746, at *1 (E.D. Pa. 1992) (finding that a delay of three months to answer complaint did not cause substantial prejudice to the plaintiff).

### c. The Sunseeker Parties Have Meritorious Defenses

A "meritorious" defense for present purposes requires a defendant to "set forth with some specificity the grounds for his defense." *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). A party establishes a meritorious defense where the allegations of their response to the Complaint "would constitute a complete defense to the action." *Venus,* 2017 WL 6626314 at *2, *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues as to these defenses in making this determination. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987). Rather, a proffered defense is sufficient if it is not "facially unmeritorious." *Id.*; *see also NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999).

### i. The Personal Jurisdiction and Improper Venue Defenses Raised in the Motion to Dismiss are Meritorious

The Sunseeker Parties have raised meritorious defenses in the Motion to Dismiss, namely (1) this Court lacks personal jurisdiction over the Defendants and (2) Florida is the appropriate venue for this action. Although a complete briefing and argument of the Motion to Dismiss will occur separately, the bases for these defenses are straightforward and, given the fact that they have already been briefed in detail, go well-beyond merely "proffered" defenses.

The personal jurisdiction arguments set forth in the Motion to Dismiss[3] present a significant threshold issue which, if resolved in favor of Defendants, would be a complete defense to this action. *HICA Educ. Loan Corp. v. Lepera*, No. 11-960 (WHW), 2011 WL 3515911, at *2 (D.N.J. Aug. 10, 2011) ("Before entering a default judgment as to a party . . . the district court has

---

[3] Mr. Deacon prepared the Motion to Dismiss without the assistance of counsel. With the benefit of counsel, the Defendants intend to promptly move this Court to permit Defendants to file a new and/or supplemental brief order to more thoroughly present the merits of the Motion to Dismiss under the relevant legal authority.

5

an affirmative duty to look into its jurisdiction over the subject matter and the parties."); *see also AllGood Entm't, Inc. v. Gridiron Video*, No. CIV.A. 09-2406 JLL, 2012 WL 395373, at *8 (D.N.J. Feb. 6, 2012) ("a lack of personal jurisdiction over [defendant] would constitute a meritorious defense…[a] court cannot enter default judgment without personal jurisdiction over a defendant; such a judgment is void.").

Defendants do not operate in New Jersey, do not maintain an office in New Jersey, and have no employees, property, or a registered agent in the state. Decl., ¶¶ 1-10. Defendants have not purposefully directed any activities toward the state of New Jersey (*Id.* at ¶ 10) and the mere presence of an online store and the occurrence of a purchases by Hayward's employees, attorneys, and investigators is insufficient to establish personal jurisdiction over the Defendants. *See generally* Dkt. No. 11. To be sure, the "straw man" sales that Plaintiff relies upon to establish personal jurisdiction do not alone establish jurisdiction because the purchases were made by the litigants for purposes of litigation, not consumers for the purpose of using the products. *See Ackourey v. Sonellas Custom Tailors*, 573 F. Appx. 208, 211 (3d Cir. 2014) (affirming dismissal for lack of personal jurisdiction based on the absence of evidence that forum residents utilized or accessed defendant's interactive website to schedule appointments). Accordingly, the personal jurisdiction defense raised in the Motion to Dismiss (and to be strengthened by subsequent briefing with the benefit of counsel) is sufficiently meritorious to warrant vacating Clerk's Entry of Default. *See Allgood Entm't, Inc. v. Gridiron Video*, No 09-2406 (JLL), 2012 WL 395373, at *7-8 (D.N.J. Feb. 6, 2012) (vacating default where there was a question as to whether the Court had personal jurisdiction over a defendant and explaining that a lack of personal jurisdiction over the defendant would constitute a meritorious defense).

The Defendants' venue argument presents a similarly meritorious defense to this lawsuit. All the relevant evidence, including the alleged infringing products, Defendants' computer systems that manage the alleged ecommerce websites, and witnesses (primarily Mr. Deacon and his team) are located in Florida. Decl., ¶¶ 1, 11, 12. The "situs" of the alleged infringement is in Florida, not New Jersey. Again, the record evidence linking Defendants to New Jersey are the three investigative purchases made by Hayward. This is simply not enough to establish that this lawsuit should be litigated in New Jersey. Moreover, should the Court eventually rule in favor of Defendants as to venue, this Court would be divested of the case and the matter, at least in New Jersey, would be over. Accordingly, the venue arguments (even standing alone) are sufficiently meritorious such that the Court should vacate the Clerk's Default. *See Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distribs.*, Civ. A. No. 07–4037, 2007 WL 4323001, at *3 (E.D.Pa. Dec. 11, 2007) (determining that the defenses of improper venue and payment of allegedly unpaid invoices were sufficient for the purpose of setting aside a default judgment).

### ii. The Sunseeker Parties Have Meritorious Affirmative Defenses

In addition to the defenses raised in the Motion to Dismiss, the Sunseeker Parties have several key affirmative defenses. A complete briefing of all available affirmative defenses would be premature given the threshold defenses raised in the Motion to Dismiss, however the nominative fair use is particularly critical and worthy of discussion here. Nominative fair use occurs when the alleged infringer uses the trademark holder's mark, "even if the alleged infringer's ultimate goal is to describe his own product." *See, Century 21 Real Estate Corp. v. Lendingtree*, Inc., 425 F.3d 211, 214 (3d Cir. 2005).

Hayward alleges that the Sunseeker Parties (and Mr. Deacon) have committed trademark false advertising, trademark infringement, counterfeiting, passing off, false designation of origin,

7

unfair competition and "related" violations all falling under the Lanham Act, 15 U.S.C. §1051 et. seq., by offering for sale and selling Hayward branded pool fight fixtures without authorization. *See generally* Amended Complaint at (Dkt. No. 4); *see also* Decl., ¶ 13.  Hayward intentionally omits that the Defendants purchased authentic Hayward light fixtures from an authorized distributor, modified those light fixtures to replace the antiquated incandescent light bulb with modern LED lights and offered those modified lights for sale ***making it clear to consumers that the lights were in fact modified Hayward-branded lights and not Hayward original equipment***. Decl., ¶ 14. This is a classic case of nominative fair use which is a complete defense to all causes of action alleged in the Amended Complaint.  *See New Kids on the Block v. News Am. Pub., Inc*., 971 F.2d 302, 308 (9th Cir. 1992) ("nominative use of a mark—where the only word reasonably available to describe a particular thing is pressed into service—lies outside the strictures of trademark law…it does not implicate the source-identification function that is the purpose of trademark, it does not constitute unfair competition; such use is fair because it does not imply sponsorship or endorsement by the trademark holder.").   This defense, standing alone, is a sufficiently meritorious defense to warrant setting aside the Clerk's Default, particularly given the relatively low burden to be met.

    d.   **Culpable Conduct Did Not Lead to the Clerk's Entry of Default**

A defendant's conduct is culpable only where it results from "willfulness" or "bad faith." *Hritz*, 732 F.2d at 1182.   A litigant's negligent conduct is culpable only where there is evidence of "'knowing' disregard [of] court-mandated procedures." *Id*. at 1183. In other words, "more than mere negligence" is required before a court may find that a defendant's conduct was culpable. *Id*. Here, the Sunseeker Parties have not engaged in any litigation conduct that could be construed as culpable.  Although certainly the Sunseeker Parties are not thrilled with being involved in this

8

unnecessary lawsuit, at no time did any of the Sunseeker Parties disregard or ignore these proceedings.  The Sunseeker Parties in good faith, albeit improperly, appeared before the Court and responded to the Amended Complaint by filing the Motion to Dismiss.  After learning that they could not be represented *pro se*, the Sunseeker Parties worked diligent amid a pandemic to identify and retain counsel, including local counsel, a process which took less than four weeks.  The Sunseeker Parties have not engaged in any efforts intentionally designed to avoid compliance with any of the Court's orders.  To the contrary, they have acted in good faith in an effort to participate in this lawsuit and comply with the Court's mandates. Decl., ¶¶ 15-22.  Therefore, this factor also weighs in favor of vacating the Clerk's Default.

### e. "Florida Sunseeker" is Not a Legal Entity against which Default Can be Entered

"Florida Sunseeker" as used by Hayward in its pleadings is a misnomer.  Hayward asserts in the Amended Complaint that Florida Sunseeker is a fictitious name for the other Defendants.  However, Hayward has improperly used the name in the case style and in pleadings as if it is a separate legal entity, when in fact it is not.  Hayward then sought and obtained Clerk's Default against "Florida Sunseeker."   Hayward's application for Clerk's Default against "Florida Sunseeker" was improper and any entry default against the purported fictitious business name is of no legal effect.  *In re Advanced Mktg. Servs., Inc.,* 448 B.R. 321, 327 (Bankr. D. Del. 2011) (holding generally that default against a fictitious business name has no legal effect).

### III.   CONCLUSION

Based on the foregoing, each of the relevant factors weigh in favor to vacating the Clerk's Default and permitting this case to proceed on its merits.  Accordingly, the Sunseeker Defendants respectfully request that the Court enter an order vacating and setting aside the Clerk's Default.

Dated: June 5, 2020

**M A T A L O N PLLC**
450 Seventh Avenue, 33rd Floor
New York, New York  10123
Telephone 212-244-900

By: *s/Joseph Lee Matalon*
    Joseph Lee Matalon
    jlm@trial-lawyer.org

**BERGER SINGERMAN LLP**
450 E. Las Olas Blvd., 10th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-525-9900

By: *s/Geoffrey Lottenberg*
    Geoffrey Lottenberg
    Michael J. Higer *(pro hac vice pending)*
    mhiger@bergersingerman.com
    Geoffrey Lottenberg *(pro hac vice pending)*
    glottenberg@bergersingerman.com