UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-62496-Civ-COOKE/HUNT
Civil Action
District Judge: Judge Marcia G. Cooke
Magistrate Judge: Patrick M. Hunt

HAYWARD INDUSTRIES, INC.,

        Plaintiff,

v.

FLORIDA SUNSEEKER, JRDEACON
LLC; SUNSEEKER LED LLC and
JEFFREY DEACON,

        Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Florida Sunseeker, JRDeacon LLC, Sunseeker LED LLC, and Jeffrey Deacon (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 8(a)(2) and 10(b), move to dismiss Plaintiff, Hayward Industries, Inc.'s ("Plaintiff"), Second Amended Complaint [D.E. 62]. In support, Defendants state as follows:

### I. INTRODUCTION

On January 4, 2020, Plaintiff filed a forty-seven page (47), one hundred and seventy-paragraph (170) Second Amended Complaint,[1] which alleges claims for relief in thirteen (13) separate counts [*see* D.E. 62]. As will be explained below, the Second Amended Complaint is a defective "shotgun" pleading that violates Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure because it (1) contains multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint and (2) improperly lumps the Defendants together in the counts. Because the Second Amended

---

[1] On December 4, 2020, this case was transferred to the instant Court from the United States District Court of New Jersey. *See* D.E. 48.

Complaint fails to comply with the basic pleading requirements required by the Eleventh Circuit and Rules 8(a)(2) and 10(b), it should be dismissed in its entirety.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. "Shotgun" Pleadings Violate Rules 8(a)(2) and 10(b)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-7 (11th Cir. 1996), the Eleventh Circuit Court of Appeals, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Id.*; *see also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). Shotgun pleadings are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case . . . can be masked . . . ." *T.D.S Inc.,* 77 F.3d at 1544 n.14 (Tjoflat, J., dissenting). As reiterated time and time again, they are "flatly forbidden by the letter, if not the spirit, of these rules." *Id*.

The Eleventh Circuit has expressed increased frustration with district courts that allow cases to proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). Accordingly, in *Byrne*, the Eleventh Circuit sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and

discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id*. at 1129. The *Byrne* panel counseled: "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." *Id*. at 1131.

### B. Plaintiff's Second Amended Complaint Constitutes a "Shotgun" Pleading and Should be Dismissed

The Eleventh Circuit has outlined four categories of "shotgun" pleadings. *Weiland*, 792 F.3d at 1321. The court found that the "most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The Eleventh Circuit has specifically condemned the incorporation of preceding paragraphs where a complaint "contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (identifying a complaint as a shotgun pleading where "[e]ach count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'—which comprise[d] 146 numbered paragraphs—*while also incorporating the allegations of any count or counts that precede[d] it.*") (emphasis added); *see also Brown v. Capital One Servs., LLC.,* No. 18-60669, 2019 WL 569842, at *2 (S.D. Fla. Jan. 9, 2019).

Here, a cursory review of Plaintiff's Second Amended Complaint reveals that it suffers from the exact defect outlined above. Paragraphs one (1) through fifty-eight (58) of the Second Amended Complaint contain Plaintiff's jurisdictional and general factual allegations [D.E. 62 at ¶¶ 1–58], which are repeated by incorporation and without variation in each of the thirteen causes of action alleged. Each successive count likewise repeats by incorporation not only the jurisdictional and general factual allegations but also all preceding counts. *See, e.g.* [D.E. 62 at ¶¶ 71, 83, 91,98, 105, 113, 123, 131, 139, 148, , 156, 161]. In doing so, each count following the first count "adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"—precisely the "mortal sin" the Eleventh

Circuit has so adamantly condemned. *See Weiland,* 792 F.3d at 1321. The Second Amended Complaint is thus improperly pled, and Defendants should not be required to answer.

Additionally, Plaintiff's Second Amended Complaint impermissibly "lumps" Defendants "together as one entity" (designated by Plaintiff as "Florida Sunseeker"), which necessarily "renders the [pleading] ambiguous, and does not afford each Defendant a meaningful opportunity to respond to the allegations against [them]." *Circuitronix, LLC v. Shenzen Kinwong Electronic Co., Ltd.*, 2018 WL 7287192, at *7 (S.D. Fla. Jan. 31, 2018) (addressing a plaintiff's lumping of multiple defendants; noting Rule 8 is "'particularly pertinent' when related companies are sued" and concluding that dismissal was warranted) (citations omitted); *see also Weiland,* 792 F.3d at 1323.

The Court should therefore dismiss Plaintiff's Second Amended Complaint because it fails to comply with basic pleading requirements set forth in Rules 8(a)(2) and 10(b).

### III. CONCLUSION

Based on the foregoing, Defendants, Florida Sunseeker, JRDeacon LLC, Sunseeker LED LLC, and Jeffrey Deacon, respectfully request that this Court enter an Order dismissing Plaintiff's Second Amended Complaint and for such further relief the Court deems just and proper, including but not limited to an award of attorneys' fees in favor of Defendants.

Respectfully submitted,
**BERGER SINGERMAN LLP**
*Counsel for Defendants*
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Direct: (954) 712-5138
Facsimile: (954) 523-2872

By: */s/ Geoffrey Lottenberg*
    Michael J. Higer
    Florida Bar No. 500798
    mhiger@bergersingerman.com
    DRT@bergersingerman.com
    cphillips@bergersingerman.com
    Geoffrey Lottenberg
    Florida Bar No. 56240
    glottenberg@bergersingerman.com
    DRT@bergersingerman.com

- 5 -

        pbuckley@bergersingerman.com  
        Caitlin M. Trowbridge  
        Florida Bar No. 92113  
        ctrowbridge@bergersingerman.com  
        DRT@bergersingerman.com  
        mnewland@bergersingerman.com  

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 19th day of January 2021, by electronic transmission through the Court's CM/ECF system upon all parties authorized to receive electronic notice in this case.

        By:   */s/ Geoffrey Lottenberg*  
                Geoffrey Lottenberg

10287823-1