UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-62496-Civ-COOKE/HUNT

HAYWARD INDUSTRIES, INC,

    Plaintiff,

vs.

FLORIDA SUNSEEKER,
JRDEACON LLC, SUNSEEKER LED LLC,
and JEFFREY DEACON,

    Defendants.
_____/

**<u>FINAL JUDGMENT AND PERMANENT INJUNCTION</u>**

WHEREAS, the parties in the above-captioned matter, Plaintiff Hayward Industries, Inc., ("Hayward") and Defendants Florida Sunseeker, JRDeacon LLC, Sunseeker LED LLC, and Jeffrey Deacon (collectively, "the Sunseeker Defendants"), have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in a private settlement agreement ("Settlement Agreement"). Now the parties, by their respective undersigned attorneys, consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree contained herein.

WHEREAS, Hayward owns common law rights in, and federal registrations for, the following trademarks: HAYWARD® ASTROLITE®, and COLORLOGIC® (collectively "Hayward Marks"). Hayward uses the Hayward Marks, alone and in various combinations, on and in connection with the sale of pool and spa lights.

WHEREAS, Hayward has alleged in this litigation that the Sunseeker Defendants have falsely advertised, marketed, and sold various pool and spa lights under, or in connection

with, the Hayward Marks that are not genuine or authorized Hayward products but instead are materially altered with unauthorized parts (such as unauthorized LED lights) and are thus counterfeit or otherwise infringing (hereafter, the "Accused Products"). The Accused Products compete directly with Hayward's ASTROLITE and COLORLOGIC pool and spa lights.

WHEREAS, Hayward filed a complaint on December 3, 2019, in the District of New Jersey and then amended the complaint on February 24, 2020, asserting claims against the Sunseeker Defendants under Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), as well as related state and common law claims, based on allegations of false advertising, trademark infringement, counterfeiting, passing off, false designation of origin, and unfair competition.

WHEREAS, the parties agreed to transfer this action to the Southern District of Florida, and the case was so transferred on or about December 7, 2020.

WHEREAS, the parties have agreed to resolve their claims without the need for further litigation.

WHEREAS, the Sunseeker Defendants, by their attorneys, have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeals.

WHEREAS, Hayward's intent in settling this matter via the Consent Judgment is to remediate harms allegedly resulting from the alleged unlawful conduct of the Sunseeker Defendants;

NOW THEREFORE, without trial or adjudication of issues of fact or law and upon consent of the Sunseeker Defendants, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore **ORDERED** and **ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1367, and 1338. The Court also has jurisdiction over the Sunseeker Defendants, which reside in this District. Venue is appropriate in this District pursuant to 28 U.S.C. 1391. The amended complaint states one or more claims upon which relief may be granted against the Sunseeker Defendants.

2. This Consent Judgment constitutes a "consent decree" enjoining the Sunseeker Defendants from the described activity in this Consent Judgment and in the Settlement Agreement.

3. All claims are **DISMISSED** *with prejudice*.

4. Pursuant to a private settlement agreement between the parties, the Sunseeker Defendants are required to pay Hayward certain sums representing Hayward's damages and legal fees. To the extent that the Sunseeker Defendants default on their payment obligations, the dismissal with prejudice will be retracted and the case will be re-instituted.

5. Immediately upon entry of this Consent Judgment and Permanent Injunction, the Sunseeker Defendants, and any other persons and entities acting in privity with them, shall cease any advertising, marketing, promotion, display, and/or sale of the Accused Products. Also, within seven (7) days of entry of this Consent Judgment and Permanent Injunction, the Sunseeker Defendants shall delete, destroy, remove, and/or take down (or cause third parties to delete, destroy, remove, and/or take down) all advertising, marketing, promotional, informational, and sales materials appearing in any in any print materials; point-of-purchase displays; radio and television ads; brick-and-mortar stores; and any online, ecommerce, and social media platforms (including, but not limited to, Amazon.com, eBay.com, Yelp, Angie's List, Wikipedia, YouTube, Facebook, Instagram,

LinkedIn, Twitter, and the Sunseeker Defendants' own websites, including, but not limited to, www.florida-sunseeker.com); and in any other venues, forums, distribution channels and media in which the Accused Products sold by the Sunseeker Defendants have been or could be advertised, marketed, promoted, displayed, and/or sold (collectively, "Advertising and Sales Platforms"), that violate, in letter or spirit, any of the terms set forth in the Settlement Agreement and this Consent Judgment.

6. The Sunseeker Defendants shall not knowingly permit third parties to advertise, market, or sell Accused Products in any way that would violate the terms set forth in the Settlement Agreement and this Consent Judgment and Permanent Injunction. If the Sunseeker Defendants have any affiliation with, or control over, such third parties, the Sunseeker Defendants shall direct such third parties to immediately comply with the terms set forth in the Settlement Agreement and this Consent Judgment.  If the Sunseeker Defendants do not have any affiliation with, or control over, the third parties, then the Sunseeker Defendants shall use commercially reasonable efforts to remediate the violation.

7. The Sunseeker Defendants shall not use the term "Hayward" or any of the Hayward Marks on any products it sells, or in any advertising, marketing, promotional, informational, and sales materials appearing in any Advertising and Sales Platforms, except as expressly permitted under this Consent Judgment. The Sunseeker Defendants shall not in any way state, imply, nor suggest any affiliation with, sponsorship by, nor authorization from Hayward.  Notwithstanding the foregoing, nothing herein shall prohibit or prevent the Sunseeker Defendants from truthfully comparing certain products they sell (other than the Accused Products) with any Hayward products and or otherwise truthfully advertising that certain products they sell are being compatible with, or replacements for, Hayward's products or components of Hayward's products.  To further avoid any confusion, the Sunseeker

Defendants shall include the following disclaimer in all advertising, marketing, promotional, instructional, and sales materials (including on webpages and in Advertising and Sales Platforms) associated with any products that the Sunseeker Defendants sell to the extent that such products are intended to be used with, or as replacements for, genuine or approved Hayward products and components thereof:

> THIS PRODUCT IS NOT A GENUINE HAYWARD® [name or description of product] AND IS NOT CERTIFIED NOR AUTHORIZED BY HAYWARD INDUSTRIES.  HAYWARD INDUSTRIES HAS NO AFFILIATION WITH [Florida Sunseeker or other company selling the product] AND DOES NOT WARRANTY OR GUARANTY THIS PRODUCT.
>
> HAYWARD®, ASTROLITE®, and COLORLOGIC® ARE TRADEMARKS THAT ARE EXCLUSIVELY OWNED BY HAYWARD INDUSTRIES, AND [Florida Sunseeker or other seller] MAKES NO CLAIMS AS TO OWNERSHIP OR LICENSE OF THOSE MARKS.

The disclaimer must appear in all capital letters and in clear, legible typeface that is bolded or otherwise more prominent in size, color, and appearance than surrounding text.

8. The Sunseeker Defendants, and Mr. Deacon in particular, shall not use any existing, or create any new, entities (whether shell companies, holding companies, limited liability companies, corporations, partnerships, or any other form of corporate organization) to advertise, market, and/or sell the Accused Products or otherwise to evade the terms and conditions of the Settlement Agreement and this Consent Judgment and Permanent Injunction.

9. The Sunseeker Defendants agree and acknowledge that the Hayward Marks are owned exclusively by Hayward, that Hayward owns all right and title to the Hayward Marks, and that the Hayward Marks are duly registered, valid, and/or enforceable. The Sunseeker Defendants further agree and acknowledge that it has no license or any other rights, legal or equitable, to use the Hayward Marks in any way except as expressly permitted

in this Agreement and in the Consent Judgment. Consistent with this acknowledgement, the Sunseeker Defendants will not challenge, and will not assist others in challenging, Hayward's exclusive use and ownership of the Hayward Marks or the validity of the Hayward Marks.

10. Because further violation of Hayward's intellectual property rights, this Agreement, and/or the Consent Judgment and Permanent Injunction may be hard to calculate, liquidated damages are in order. The parties agree that, if any of the Sunseeker Defendants breaches this Agreement or the Consent Judgment, then the Sunseeker Defendants shall disgorge to Hayward any and all profits it made from the infringing products plus Hayward's legal fees and costs associated with enforcing the Consent Judgment.

11. Mr. Deacon shall be personally liable for any damages and any violation of this Consent Judgment.

12. Compliance with this Consent Judgment and Permanent Injunction may be enforced by Hayward and its successors in interest or assigns.

13. Each party shall pay its own attorneys' fees and costs that have accrued on or before the execution of this Consent Judgment and Permanent Injunction.

14. This Court shall retain jurisdiction over this Consent Judgment and Permanent Injunction, and any applications with regard to enforcement of it shall be directed to this Court.

The agreement described in the foregoing paragraphs shall take effect immediately upon entry of this Order by the Court. Accordingly, the Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, Miami, Florida, this 26th day of April 2021.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*